

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| STEPHANIE R. BEAR,<br>   Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 3:23-cv-05191-MGL |
| TWINWOLF EXPRESS LLC,<br>   Defendant. | §<br>§<br>§ | |

**ORDER GRANTING DEFENDANT'S MOTIONS TO SET ASIDE
DEFAULT JUDGMENT AND ENTRY OF DEFAULT
AND FOR EXTENSION OF TIME TO FILE ANSWER**

**I.     INTRODUCTION**

Plaintiff Stephanie R. Bear (Bear) brought a complaint against Defendants Brandon A. Darius (Darius) and Twinwolf Express LLC (Twinwolf Express) alleging state law claims of negligence.  The Court previously entered a default judgment against Twinwolf Express, and Bear voluntarily dismissed Darius.  This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court are Twinwolf Express's motions to set aside default judgment and entry of default and for an extension of time to file its answer.  Having carefully considered the motions, the supplement, the responses, the reply, the surreply, the record, and the applicable law, it is the judgment of the Court both motions will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Bear's claims arise from a motor vehicle collision between her and Darius.  Bear alleges Darius was illegally and unsafely parked on the side of the road, without any indication to

oncoming drivers he was there, causing the collision. Darius claims he was legally parked on the shoulder of the road because of visibility conditions that made driving unsafe.

Bear served Twinwolf Express's owner, Luis Galvez (Galvez), and its agent for service, yet Twinwolf Express failed to appear. The Court granted default judgment on April 19, 2024, in the amount of $3,399,281.00.

Twinwolf Express filed the instant motions five days later, on April 24, 2024. It also filed its answer. Subsequently, it filed a supplement. Thereafter, Bear responded, Twinwolf Express replied, and Bear filed a surreply. Twinwolf Express proffered affidavits from Galvez and Darius and provided photographs purportedly taken by Darius at the scene of the accident.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.    STANDARD OF REVIEW

#### A.    *Federal Rule of Civil Procedure Rule 55(c)*

"The law disfavors default judgments as a general matter[.]" *Tazco, Inc. v. Director, U.S. Dept. of Labor*, 895 F.2d 949, 950 (4th Cir. 1990).

Federal Rule of Civil Procedure 55(c) provides "[t]he Court may set aside an entry of default for good cause." In considering whether good cause exists to set aside an entry of default, the Fourth Circuit has held a district court should consider six factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex Rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

### B.     Federal Rule of Civil Procedure Rule 60(b)

Under Rule 60(b), a Court may grant relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A motion under this rule "must be made within a reasonable time" and, the subsections at issue in this order, within a year of entry of the judgment.  Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).  Other cases also require a showing of exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

### IV.     DISCUSSION AND ANALYSIS

### A.     Whether the Court should set aside the entry of default

### 1.     Whether Twinwolf Express has a meritorious defense

Twinwolf Express argues it has alleged facts demonstrating the issue of liability is in dispute, which establishes a meritorious defense.  Bear insists it is clear Twinwolf Express is at fault and its evidence should be disbelieved.

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

3

Twinwolf Express has proffered evidence Darius was legally parked on the shoulder of the road due to lack of visibility when Bear struck his vehicle. The Court determines this evidence, if believed, would permit the Court or a jury to find Twinwolf Express lacks liability in this case. Under *Moradi*, it need not weigh the credibility of the evidence. *Id.* And, the Court declines Bear's invitation to strike Twinwolf Express's affidavits as purposefully misleading and obfuscatory. Consequently, Twinwolf Express has a meritorious defense and this factor weighs in its favor.

### 2.    *Whether Twinwolf Express acted with reasonable promptness*

The analysis of this factor is closely related to the reasonable promptness factor addressed below. As such, the Court determines Twinwolf Express has moved with reasonable promptness in filing this motion. Therefore, this factor weighs in favor of setting aside the entry of default, as well.

### 3.    *Whether Twinwolf Express was personally responsible for the entry of default.*

Twinwolf Express contends Galvez, its owner, spoke with an attorney, thought his role in the suit was complete, and neglected to realize no one had appeared in this matter. Galvez also believed he was unrequired to respond because he believed Darius was blameless in the accident. Twinwolf Express also maintains Bear spoke to its insurance carrier about the accident and the possibility of a lawsuit, but failed to notify it when she filed suit.

Bear insists it was the responsibility of the two people she served—including an attorney—to take proper steps to appear in this case.

The Court agrees with Bear that Twinwolf Express is to blame for the failure to appear in this matter. Yet, although the behavior certainly constitutes neglect, the haste with which Twinwolf Express acted to remedy its mistakes is compelling. The Court notes, however, it will

4

take very seriously future failure to abide by Court orders or comply with the Federal and local rules of civil procedure.

This factor, therefore, weighs in favor of Bear.

### 4. *Whether Bear would be prejudiced if the Court set aside the entry of default.*

Twinwolf Express contends setting aside the default will fail to prevent Bear from diligently pursuing her claims. Bear avers she voluntarily dismissed Darius from this action because she was unable to locate him for service, and will be prejudiced by the necessity to locate him before the statute of limitations lapses.

As Twinwolf Express articulates, "[s]ervice is a necessary component in any suit." Reply at 4. And, it contends "to properly proceed with this case, the person in which allegedly caused the accident imputing vicarious liability should not be dismissed without dismissing the entire action." *Id.* (citing *Johnson v. Atlantic C. L. R. Co.*, 140 S.E. 443, 445 (S.C. 1927) and others). Thus, it posits Darius's appearance is necessary.

The Court understands Bear's frustration that Twinwolf Express was able to immediately contact Darius and obtain photographs and an affidavit, after it had searched for him in vain for months. Yet, despite the delay, the Court detects little danger that Bear will be unable secure Darius's location now that it has Twinwolf Express's cooperation in this case. Moreover, it appears Bear has now successfully served Darius, as he has recently filed an answer in this case.

It appears to the Court Bear is unable to show she will suffer any prejudice if the Court sets aside the judgment and allows this case to proceed on the merits. But, even if she is able to somehow demonstrate any prejudice, as discussed above, other steps may serve to mitigate that prejudice. This factor, too, weighs in favor of Twinwolf Express.

### 5. *Whether Twinwolf Express has a history of dilatory action*

Twinwolf Express insists there is no history of dilatory action in this case. Bear maintains Twinwolf Express's attempts to avoid accountability and cast blame amount to dilatory action. She points to what she maintains are contradictory statements in Darius's and Galvez's affidavits.

As mentioned above, since Twinwolf Express learned of the default judgment, it has acted expeditiously. This includes multiple filings with the Court in a matter of weeks. The Court is convinced Twinwolf Express will continue to act with punctuality as this case moves to consideration of its merits.

Additionally, the Court determines there lacks sufficient evidence to suggest Twinwolf Express's intentions were to escape or intentionally delay this action. As such, this factor weighs in favor of setting aside the entry of default.

### 6. *Whether less drastic sanctions are available*

The parties also neglected to address this factor.

There exist sanctions less drastic which could be applied in this case. The Court will address those possibilities if appropriately presented.

Accordingly, this factor too weighs in favor of Twinwolf Express.

In sum, despite Twinwolf Express's responsibility for the default, the weight of the factors is in its favor.

### B. *Whether the Court should set aside the default judgment*

#### 1. *Whether the motion is timely*

Twinwolf Express argues it filed its motions with haste once it discovered it was in default, rendering them timely. Bear insists Twinwolf Express failed to act during the six-month pendency of the action, and so should be precluded from relief.

6

As the Court touched on above, "[a] motion under Rule 60(b) must be made within a reasonable time . . . [and for mistake, inadvertence, surprise, or excusable neglect] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Since the Court granted default judgment, Twinwolf Express has acted rapidly. It filed its motions within five days of the Court's order. It has thus taken extraordinary care to quickly take remedial action.

The Court determines this is a reasonable amount of time. Additionally, Twinwolf Express is well within the one-year deadline established by Rule 60(c). Therefore, the motion is timely.

### 2.    *Whether Twinwolf Express has a meritorious defense*

For the reasons explained above, the Court determines Twinwolf Express has alleged sufficient facts to establish a meritorious defense.

### 3.    *Whether Bear would be prejudiced if the Court set aside the judgment*

For the reasons explained above, it is the judgment of the Court Bear will be unprejudiced if the Court set aside the entry of default.

### 4.    *Whether Twinwolf Express has shown exceptional circumstances*

The parties fail to address this element directly.

The Fourth Circuit has "repeatedly expressed a strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Taken together, the recency of the default judgment and the policy of the Fourth Circuit establish exceptional circumstances here.

For all the reasons stated above, the Court concludes Twinwolf Express has established it is entitled to relief from the default judgment under Rule 60(b). The Court will refrain from discussing the parties' discovery dispute raised in Bear's surreply, as it fails to impact the Court's analysis.

7

As such, the Court will set aside the default judgment and allow this action to proceed on its merits. Consequently, the Court will also grant Twinwolf Express's motion for extension of time to file its answer.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Twinwolf Express's motions to set aside default judgment and entry of default and for an extension of time to file its answer are **GRANTED**. The judgment in this case is **VACATED** and the entry of default is set aside.

**IT IS SO ORDERED**.

Signed this 31st day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
